**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-50338**
**Summary Calendar**
**Lower Court No. W-97-CV-110**
_____

**JOE EARLE HUFFMAN,**

**Petitioner-Appellant,**

**versus**

**GARY L. JOHNSON, DIRECTOR,**
**TEXAS DEPARTMENT OF CRIMINAL JUSTICE,**
**INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

_____

Appeal from the United States District Court
for the Western District of Texas
_____

July 11, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

      This court granted COA to consider whether appellant Huffman's constitutional rights were violated when the prosecutor at his separate trials for aggravated robbery and murder in March and May, 1990 used extensive Biblical questions as part of his

---

    [*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

closing argument.[1]  The Texas courts denied relief on the claim. Finding that they did not unreasonably apply clearly established federal law, pursuant to the federal habeas review standard set forth at 28 U.S.C. § 2254(d), we likewise reject appellant's argument and affirm the denial of his habeas petition.

Huffman was convicted of murder for shooting security guard Odie Sapp at a private plant, after Sapp offered Huffman shelter from a storm.  Huffman was then escaping from the Milam County jail where he had been incarcerated on aggravated robbery charges.  The prosecutor's challenged argument was delivered in the first part of his closing remarks at the trial's punishment phase. The argument, which we carefully reviewed, quotes the story of the Good Samaritan and extensive parts of the Ten Commandments. Defense counsel levied no objection to the argument, but he did mention to the jury that the Biblical references had little to do with questions of punishment.  Later, the defense lawyer observed that Jesus would not have viewed Huffman as a "thing."  The rebuttal phase of the prosecutor's argument was entirely substantive, was as long as his earlier remarks, and was devoid of Biblical or religious references.  It emphasized that since the age of 16 (Huffman was 32 at the time of trial), he had spent nearly all of his life in prison or on probation or parole and had six

---

[1]     Although there is no transcript of closing argument in the aggravated robbery case, we accept petitioner's representation, as did the district court, that the prosecutor argued similarly in both cases.

prior, felony convictions. Huffman's lengthy criminal record, the prosecutor asserted, showed his inability or unwillingness to reform. Although Huffman was exposed to a potential 99-year prison term, the jury sentenced Huffman to 80 years.

In the aggravated robbery trial, the punishment phase responsibility of the jury was limited to finding whether the habitual offender charges against Huffman were accurate. When the jury so found, Huffman was automatically sentenced to life in prison. Thus, the prosecutor's argument could not have materially affected the sentencing decision. We agree with the state's contention that no ground for relief is stated on this contention.

Turning back to the murder conviction, the state does not defend the prosecutor's argument, though it asserts his remarks were not as egregious as those in the other cases where appeals to Biblical justice rather than law have been held objectionable. See, e.g., United States v. Steinkoetter, 663 F.2d 719, 721 (6th Cir. 1980); Bennett v. Angelone, 92 F.3d 1336 (4th Cir. 1996). The general rule is that improper prosecutorial argument will not vitiate a conviction unless the "comments so infected the trial with unfairness that there is a reasonable probability that the result would have been different if the proceeding had been conducted properly." Jackson v. Johnson, 194 F.3d 641, 653 (5th cir. 1999) (internal citation omitted). Whether one characterizes the remarks in this case as merely improper or egregious, however,

we cannot agree that Huffman's sentence hearing lacked fundamental fairness.

Taking all the circumstances of his crime and his criminal record into consideration, the fact that Huffman received less than a 99-year sentence shows an exercise of mercy by the jury. Moreover, the prosecutor's argument was unobjected-to at trial, suggesting defense counsel's view that it wasn't fatally harmful, and the defense counsel countered the prosecutor with his own allusion to Jesus. The state courts did not unreasonably apply the due process clause and applicable precedent in concluding that Huffman was not denied his constitutional rights by the improper portion of the prosecutor's argument.

The judgment of the district court is **AFFIRMED**.